Sue **HAYNES, Independent Executrix of the Estate of Sue Nelson Stripling, Appellant,**

v.

Hayes **STRIPLING, Sr., Appellee.**

No. 11–90–144–CV.

Court of Appeals of Texas, Eastland.

June 27, 1991.

Rehearing Overruled Aug. 22, 1991.

Timothy D. Yeats, Little, Palmer & Williams, Big Spring, for appellant.

Lanny Hamby, Hamby & Mouton, Big Spring, for appellee.

## OPINION

McCLOUD, Chief Justice.

The issue is whether the 1987 amendment to Section 15 of Article XVI of the Texas Constitution providing that "spouses may agree in writing that all or part of their community property becomes the property of the surviving spouse on the death of a spouse" should be applied retroactively. We hold that it should.

On October 2, 1984, and January 2, 1985, Hayes Stripling, Sr., and his wife, Sue Nelson Stripling, deposited funds with two different savings and loan associations. Each of the associations provided the Striplings with identical signature cards. On the front of each card, both the husband and wife signed the form stating that they were creating a "Joint Tenancy with Right of Survivorship." The paragraph of the signature card establishing the joint tenancy with right of survivorship further provided: "If Accountholders are husband and wife, Accountholders have signed the Partition and Joint Tenancy Agreement on the reverse side." Neither of the spouses signed the "Partition and Joint Tenancy Agreement" on the reverse side of either signature card.

Sue Nelson Stripling died on July 7, 1988. Sue Haynes, Independent Executrix of the Estate of Sue Nelson Stripling, contended in the trial court that, since the partition agreement on the reverse side of each signature card was not signed by Hayes Stripling, Sr., and Sue Stripling, the community property was not partitioned and, therefore, that the attempted right of survivor-ship in the community property was ineffective. The trial court granted the surviving husband a summary judgment holding that all funds on deposit in the two accounts at the time of the death of Sue Nelson Stripling were owned by the surviving husband.

The executrix contends that the trial court erred in granting the surviving husband a summary judgment and in not granting her motion for summary judgment.

■ Prior to the 1987 amendment, creation of a joint tenancy with right of survivorship was a "two-step procedure": it was necessary for a husband and wife to first partition the community property before they could establish a joint tenancy with right of survivorship in the partitioned separate property. *Maples v. Nimitz*, 615 S.W.2d 690 (Tex.1981); *Williams v. McKnight*, 402 S.W.2d 505 (Tex.1966); *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961). We agree with the executrix that the community funds deposited with the savings and loan associations were not first partitioned before the spouses signed the "Right of Survivorship" agreements contained on the front of each of the signature cards. By failing to sign the "Partition" agreement on the back of each signature card, Hayes Stripling, Sr., and Sue Nelson Stripling failed to establish a joint tenancy with right of survivorship in the deposited funds. See *Jameson v. Bain*, 693 S.W.2d 676 (Tex.App.—San Antonio 1985, no writ).

■ We agree, however, with the contention of the surviving husband that, because of the 1987 amendment to Section 15 of Article XVI of the Texas Constitution, the community funds on deposit passed by "Right of Survivorship" to the husband at the death of his wife.

On November 3, 1987, the Constitution was amended to provide that spouses may agree in writing that community property will become the property of the surviving spouse on the death of a spouse. The House Committee Resolution Analysis of Senate Joint Resolution 35, 70th Legislature, Regular Session, 1987, contained in the Legislative Reference Library, states:

*Background Information*

From 1840 to 1965, married couples could own community property with the right of survivorship in the state of Texas. However, since 1965, Texas courts have persistently denied married couples an easy means of holding their property with right of survivorship. Although it has long been relatively easy to create a right of survivorship in separate property, many banks and savings and loans associations have often failed to provide forms by which their customers can create effective joint tenancies out of community property. *Many Texas spouses hold a substantial amount of assets in a form that is ineffective to achieve their desired purpose. Each of these accounts or transactions represents a potential lawsuit that may result in frustrating the intent of the spouses.* (Emphasis added)

A simple means should be made available by which both spouses by a written instrument can provide that the survivor of them may be entitled to all or any designated portion of their community property without the necessity of making a will for that purpose.

*Purpose*

This proposed constitutional amendment will allow the people to provide that a Texas couple may hold community property with a right of survivorship in the surviving spouse. This simple approach will obviate the need for creating a joint tenancy with a right of survivorship—a form of separate property ownership between spouses that is now used for this purpose. The accompanying legislation is SB 893.

It is clear that the legislature was aware that many Texas spouses had attempted to create rights of survivorship in their community property but that the forms provided by the banks and savings and loan associations failed to effectively carry out the intent of the spouses. One of the purposes of the proposed amendment was to prevent "potential" lawsuits (such as the instant litigation) because the "forms" that had been provided were ineffective to achieve the desired result. We hold that the legislature impliedly intended that the November 3, 1987, amendment to Section 15 of Article XVI should be applied retroactively. See *Beck v. Beck,* 814 S.W.2d 745 (1991).

The executrix also argues that to apply the amendment retroactively would violate Section 16 of Article I of the Texas Constitution which provides that no "retroactive law, or any law impairing the obligation of contracts, shall be made." The 1987 amendment does not impair the obligation of the contract. The amendment permits the parties to fulfill the contractual obligation. The spouses had agreed to create a right of survivorship. The amendment may be applied retroactively if it does not impair vested rights. *Cox v. Robison,* 105 Tex. 426, 150 S.W. 1149 (1912). The agreement to create a right of survivorship was ineffective only because the spouses failed to sign the partition agreements on the back of the cards. The 1987 amendment makes the spouses' contractual obligation enforceable. No vested rights have been impaired.

We note that effective August 28, 1989, TEX.PROB.CODE ANN. § 451 (Vernon Supp.1991) was added, providing:

At any time, spouses may agree between themselves that all or part of their community property, then existing or to be acquired, becomes the property of the surviving spouse on the death of a spouse.

The Historical and Statutory Notes relating to Section 451 state:

Section 3 of the 1989 Act provides:

(a) The amendments made by this Act apply:

(1) to all agreements between spouses creating a right of survivorship in community property entered into on or after the effective date of the 1987 amendment to Article XVI, Section 15, of the Texas Constitution; and

(2) to all such agreements entered into prior to that date if both spouses were living on that date, the agreement complies with the provisions of Part 3 of Chapter XI, Texas Probate Code, as added by Section 2 of this Act, and the

property which was the subject of the agreement remained community property after the date of the agreement.

This statute does not apply to the instant case because Sue Nelson Stripling died in 1988 before the effective date of the statute. We think, however, that Section 451 unmistakably shows the public policy of the State regarding the retroactive application of the 1987 amendment.

Our Supreme Court in *Beck v. Beck,* supra, recently applied the 1980 amendment to Section 15 of Article XVI retroactively to validate a premarital agreement. In a concurring opinion, Justice Cook observed that retroactive application of a law should occur "only where the public policy is so clearly and broadly stated as to be unmistakable." We hold that the present case is such an instance. If the community property survivorship agreements entered into between Hayes Stripling, Sr., and Sue Nelson Stripling were not enforced, the public policy that spouses may agree that their community property become the property of the surviving spouse would be thwarted.

The judgment of the trial court is affirmed.