**Herman H. HAAS, Appellant,**

v.

**Joyce VOIGT and Shirley Van Ouderke, Co–Administrators of the Estate of Emma Bertha Haas, Deceased, Appellee.**

**No. 04–95–00949–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 31, 1996.

Rehearing Overruled April 4, 1997.

Michael A. Henry, Boerne, for appellant.

Frank Y. Hill, Jr., Boerne, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

DUNCAN, Justice.

The issue presented by this appeal is one of first impression: May a husband unilaterally alter the terms of an agreement with his wife by which they created a right of survivorship in community funds? While we recognize that a spouse may revoke such an agreement, in whole or in part, we hold that the spouse involved in this case did not effectively do so. We therefore affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Berthold and Emma Haas married and had three children—Joyce, Shirley, and Herman. In April 1994, Berthold died, leaving his entire estate to Emma. Within a month of Berthold's death, Emma was declared non compos mentis, and Herman was appointed the guardian of her estate. In July, Emma died, leaving her estate to the children in equal shares. Thereafter, disputes arose among the children, and litigation was filed. On March 22, 1995, the children entered into an agreement settling all of their disputes except the ownership and proper distribution of four financial accounts—Bank of America certificates of deposit 47–223620–9 and 47–223626–6, Bank of America checking account 31–587917–7, and NationsBank account 189–104199–4.

Originally, the three Bank of America accounts were created by Berthold and Emma as joint accounts with right of survivorship, while the NationsBank account was created by Berthold and Herman as a joint account with right of survivorship. However, the parties agree that all four accounts were funded with community property, and there is no evidence that Berthold and Emma ever effected a partition of all or part of their community property. In any event, on March 19, 1994, shortly before Berthold's death, Berthold and Herman—but not Emma—signed new signature cards for the Bank of America accounts. These new signature cards contain the following:

### ACCOUNT OWNERSHIP

X Joint Tenants with Right of Survivorship, or if Spouses, Community Property with Right of Survivorship (all owners must sign) Special Agreements .2 and 3.

Special Agreements 2 and 3 are contained on the reverse side of the signature cards and provide:

2. *Community Property with Right of Survivorship Accounts and Joint Tenancy with Right of Survivorship Accounts.* The signatory parties agree that they own this account as joint tenants with right of survivorship, or, if spouses, as community property with right of survivorship, and the parties agree and direct that, upon the death of one party to a joint account, all sums in the account on the date of death vest in and belong to the surviving party as his or her separate property and estate, and after the death of all owners, to the estate of the last owner to die.

3. *Agreements applicable to both Tenants in Common and Right of Survivorship Accounts.* Payments from either a tenants in common account or a right of survivorship account on checks or other instruments bearing an authorized signature, as designated on the Signature Card, shall discharge BofA from liability for the payments regardless of the actual ownership of the funds when deposited. All such accounts may be closed and funds withdrawn and payment of checks drawn on such accounts may be stopped pursuant to

orders bearing any authorized signature without further permission from any other party to such account. Each authorized signer is authorized to act for all other authorized signers in depositing funds belonging to any party to such accounts and for that purpose to endorse any checks, drafts, notes or other instruments payable to the order of any authorized signer. Each signatory party shall be liable for overdrafts of any other signatory party. BofA may set off against the entire account any liability owed to the BofA by any authorized signer to such account, and each named owner waives notice of any such set off.

Herman argues that he is entitled to all of the funds on hand in the NationsBank account, as the sole survivor under that signature card, and one-fourth of the funds on hand in the Bank of America accounts, as one of two survivors under those signature cards.

At Herman's request, the trial judge made findings of fact and conclusions of law. In his findings, the trial judge found that Berthold and Emma opened the four accounts as joint accounts with right of survivorship, and Herman caused these accounts to be restyled to include himself as a third joint account holder with a right of survivorship without Emma's knowledge or consent. Without stating a legal theory to support his rulings, the trial judge concluded that all of the disputed accounts belonged to Emma's estate and, therefore, pursuant to Emma's will, should be distributed equally to the three children. No amended or additional findings or conclusions were requested or filed. Herman appeals the trial court's judgment as to all four accounts.

### STANDARD OF REVIEW

■ "[F]indings of fact in a case tried to the court have the same force and dignity as a jury's verdict," and " 'are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's answer.' " W. Wendell Hall, *Revisiting Standards of Review in Civil Cases,* 24 St. Mary's L.J. 1041, 1145 (1993). If the trial court does not state a legal theory upon

which his ruling was based, the judgment will be upheld on any legal theory that has support in the evidence. *Cf. Wirth, Ltd. v. Panhandle Pipe & Steel Inc.*, 580 S.W.2d 58, 62 (Tex.Civ.App.—Tyler 1979, no writ).

### DISCUSSION

■ In his first and second points of error, Herman argues that the signature cards he and his father signed created a right of survivorship in Herman in the funds in all four accounts.[1] We disagree.

### *Rights of Survivorship in Community Property*

Joint accounts with rights of survivorship involving community property have a long and troubled history in Texas. At common law, a joint tenancy necessarily carried with it a right of survivorship. *See Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565, 566 (Tex.1961). In 1925, however, the Texas Legislature abrogated the common law joint tenancy relationship through the enactment of article 2580, now codified at section 46 of the Texas Probate Code. *See id.* Under article 2580, "the relationship of joint tenancy, including the doctrine of survivorship, was ... abolished in situations where [it] would otherwise have been created by law...." *Id.* (citing *Chandler v. Kountze*, 130 S.W.2d 327, 329 (Tex.Civ.App.—Galveston 1939, writ ref'd)). But, while a right of survivorship was not imposed by law, it could still be created by contract in certain situations. *Hilley*, 342 S.W.2d at 566.

In *Hilley*, however, the Texas Supreme Court held that "to create a joint tenancy with right of survivorship out of community property, such property must be transmuted into separate property by partition prior to the agreement creating the joint tenancy

with right of survivorship." *Williams v. McKnight*, 402 S.W.2d 505, 507 (Tex.1966). In the absence of a partition, an attempt to create a joint account with right of survivorship with community funds was invalid, and the deceased's interest in the account funds passed to his estate rather than to the survivor. *Hilley*, 342 S.W.2d at 572.

Shortly after *Hilley*, the Texas Legislature amended section 46 of the Probate Code to expressly provide that "any husband and his wife may, by written agreement, create a joint estate out of their community property, with rights of survivorship." *McKnight*, 402 S.W.2d at 508. The supreme court held this amendment unconstitutional; "[s]tatutory partition with the resulting separate property is the necessary prerequisite to a written agreement between husband and wife to create a joint estate with rights of survivorship." *Id.; see also Allard v. Frech*, 754 S.W.2d 111, 115 (Tex.1988), *cert. denied*, 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989); *id.* at 116 (Ray, J., concurring); *Jameson v. Bain*, 693 S.W.2d 676, 678–79 (Tex.App.—San Antonio 1985, no writ) (partition still required following 1980 amendment to article XVI, section 15 of the Texas Constitution).

In reaction to the *Hilley* and *McKnight* opinions, article XVI, section 15 of the Texas Constitution was amended in 1987 to expressly provide that "spouses may agree in writing that all or part of their community property becomes the property of the surviving spouse on the death of a spouse." TEX. CONST. art. XVI, § 15 (1987). Thereafter, in 1989, the Texas Legislature amended section 46 of the Probate Code to provide that "[a]greements between spouses regarding rights of survivorship in community property are governed by Part 3 of Chapter XI of this code." TEX.PROB.CODE ANN. § 46(b) (Vernon

---

1. With a degree of candor that is rarely seen and greatly appreciated by this court, Joyce and Shirley have conceded that the trial court's judgment as to the four accounts cannot be upheld under a fraud or constructive fraud theory—the subject of Herman's remaining points of error. In light of this concession, and because our disposition of Herman's first and second points of error renders these points moot in any event, we do not reach them. Joyce and Shirley have also attempted to concede that Herman is entitled to the NationsBank account funds—the subject of Herman's first point of error. However, parties cannot concede a question of law necessary to the proper disposition of a point of error. *Cf. White v. Moore*, 760 S.W.2d 242, 243 (Tex.1988) (parties' agreement that will unambiguous not binding on court). Accordingly, since we must decide, as a matter of law, whether Berthold and Herman created a joint account with right of survivorship in community funds to decide Herman's first point of error, we are not bound by Joyce and Shirley's concession.

Supp.1997). Thus came into being sections 451 through 462 (Part 3 of Chapter XI) of the Texas Probate Code. *See id.* §§ 451–62 (Vernon Supp.1997). To the extent of conflict between these provisions and those governing multi-party accounts generally, the specific provisions of sections 451 through 462 control. *Id.* § 462.

■ Following the 1987 amendment to article XVI, section 15, and the ensuing legislative enactments, a right of survivorship can be created in community property in either of two ways. First, the community property can be partitioned into separate property, and a joint tenancy with right of survivorship can be created. *Haynes v. Stripling,* 812 S.W.2d 397, 398 (Tex.App.—Eastland 1991, no writ). Alternatively, even if a joint tenancy with right of survivorship is not created by partition and agreement, a right of survivorship in community property can nonetheless be created by agreement between the spouses. *Id.* at 399–400.

### NationsBank Account

■ The evidence establishes, the parties agree, and the trial court found that the funds on deposit in the NationsBank account were the community property of Berthold and Emma. And there is no evidence of a partition or spousal gift. Clearly, therefore, Berthold and Herman, as non-spouses, could not create a valid joint tenancy with right of survivorship in the community funds in the NationsBank account. *McKnight,* 402 S.W.2d at 508. Accordingly, Berthold's one-half of the funds in this account thus passed into Berthold's estate at his death and from there, pursuant to his will, to Emma. At Emma's death, the funds passed to her estate and then, pursuant to her will, to her children in equal shares. We therefore overrule Herman's first point of error.

### Bank of America Accounts

■ It is also undisputed that the funds on deposit in the Bank of America accounts

were the community property of Berthold and Emma. Accordingly, for Berthold or Emma to have revoked their agreement as to these funds, in whole or in part, they must have done so in accordance with one of the several methods permitted by section 455 of the Texas Probate Code. *See* TEX.PROB. CODE ANN. § 455 (Vernon Supp.1997) (permitting revocation in accordance with the terms of the agreement or, if the agreement is silent as to revocation, then by both spouses signing a revocation agreement, by one spouse signing a revocation agreement and delivering it to the other spouse, or by disposition if that disposition is not inconsistent with the terms of the agreement and applicable law).[2] There is, however, absolutely no evidence of an effective revocation in this case.

■ There is no evidence of the agreements between Berthold and Emma and therefore no evidence of revocations in accordance with the terms of their agreements. To the contrary, the undisputed evidence establishes that the attempted revocations, if by disposition alone, were inconsistent with the terms of their agreements—before alteration, Emma would have received Herman's one-half of the funds in the accounts, while after alteration, she would have received only one-half of Herman's one-half of the funds. Nor is there any evidence of a revocation agreement signed by both Berthold and Emma. Finally, the trial court's unchallenged finding of fact conclusively establishes that the attempted revocations were without Emma's knowledge or consent.

Because there is no evidence of an effective revocation of Berthold and Emma's agreements as to the community funds in the Bank of America accounts, Herman did not acquire a right of survivorship as to Berthold's one-half of these funds. Berthold's one-half of these funds thus passed to Emma at Berthold's death as nontestamentary transfers in accordance with the couple's ini-

---

2. Because the accounts involved here indisputably consisted of community property, we do not reach the issue of whether one joint account party may unilaterally alter the form of the account as to survivorship when the account does not consist of community property. *See and*

*compare, e.g., Nettles v. Matthews,* 627 So.2d 870 (Ala.1993); Op. Tex. Att'y Gen. No. DM–10 (1991); *Rawlins v. Campbell,* 199 Ga.App. 472, 405 S.E.2d 111 (Ga.Ct.App.1991); *Call v. Bank of Gallatin,* 695 S.W.2d 138 (Mo.Ct.App.1985).

tial agreements. TEX.PROB.CODE ANN. § 454 (Vernon Supp.1997). At Emma's death, these funds passed into her estate and, in accordance with her will, to her children in equal shares. We therefore overrule Herman's second point of error.

### CONCLUSION

Absent a partition or spousal gift—of which there is no evidence in this case— Berthold and Herman could not and did not create a joint tenancy with right of survivorship in the community funds deposited in the NationsBank Account. And absent an effective revocation, of which there is also no evidence, Berthold and Herman were likewise powerless to alter the terms of Berthold and Emma's agreement with respect to the funds on deposit in the Bank of America accounts. Accordingly, Berthold's one-half of the funds in the NationsBank account passed to Berthold's estate and then to Emma pursuant to Berthold's will, while Berthold's one-half of the funds in the Bank of America accounts passed to Emma as nontestamentary transfers. At Emma's death, the funds passed to her estate and then, pursuant to her will, to her children in equal shares. Therefore, Herman's points of error are overruled, and the trial court's judgment is affirmed.