**AVASTHI & ASSOCIATES, INC., Appellant,**

v.

**Ashish K. BANIK, Appellee.**

No. 14–09–01016–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 17, 2011.

Rehearing and En Banc Overruled June 28, 2011.

William H. Luck, Humble, for appellant.

Andrew S. Golub, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and BROWN.

## PLURALITY OPINION

JOHN S. ANDERSON, Justice.

This is an appeal from the granting of a motion for summary judgment. Because we conclude the trial court erred when it granted appellee Ashish K. Banik's motion for summary judgment, we reverse and remand for further proceedings in accordance with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2008 appellant, Avasthi and Associates, Inc. ("Avasthi") and Banik executed a contract entitled: Independent Contractor Agreement (the "Agreement"). Pursuant to the Agreement, Banik agreed to perform services including "[o]il & gas field petrophysical and geological studies,

integrated asset modeling, improved/enhanced oil recovery, and related studies, and training." In addition, the parties agreed to the following:

3.4 [Banik] agrees to submit monthly invoice by 3rd of the month for any consulting work performed by [Banik] during the previous month, and, as full and complete consideration for consulting work performed by [Banik], [Avasthi] agrees to pay [Banik's] invoice within fifteen (15) days of [Avasthi] receiving payment from its Client for invoice submitted by [Avasthi] for consulting work performed. [Avasthi] has written agreements with its Clients for payment of [Avasthi's] invoices for consulting work performed within thirty (30) days after receipt of its invoices by its clients.

## 22.  *COMPENSATION*

Before start of any assignment, [Avasthi] shall provide [Banik] a Work Directive, in the attached Schedule–A format, describing the scope of work and compensation that will be paid to [Banik] for working on that assignment. As compensation for the services rendered on the specified assignment, during the term of this Agreement, [Avasthi] agrees to compensate [Banik] according to the fixed amount of the billing rate agreed to on the Work Directive for the specified assignment. After the Work Directive has been signed and dated by [Banik] and by [Avasthi] it shall be deemed incorporated herein by reference for all purposes. [Avasthi] shall be entitled to withhold or off-set any damages it may incur, or other payments owed to [Avasthi] by [Banik], against any compensation due to [Banik], if, in the sole discretion of [Avasthi], such damages have been caused by the errors or omissions of, or any other damage or loss caused by, [Banik], in particular, [Banik] agrees that no compensation is due for work that is not performed or is not acceptable to [Avasthi] or its Clients.

Finally, the parties agreed in section 13 of the Agreement that "[a]t any time [Avasthi] and [Banik] will each have the right to terminate this Agreement at [Avasthi's] or [Banik's] respective convenience by giving the other at least 45 (forty-five) days written advance notice."

On February 7, 2008 Banik and Avasthi executed a "Work Directive." Under this Work Directive, which was incorporated into the Agreement by virtue of section 22, Banik agreed he would provide petrophysical multi-mineral analysis services to Repsol YPF Puesto Molina Field, an oil and gas field in Argentina. In exchange, Avasthi agreed it would pay Banik $100.00 per hour.

Banik commenced working under the Agreement in February 2008. When he had not received any payment for the services he performed in February and March 2008, Banik resigned on April 1, 2008. It is undisputed that Banik did not give Avasthi forty-five days' written notice of his decision to resign.

Following Banik's resignation, Avasthi filed suit alleging Banik breached section 13 of the Agreement by not providing forty-five days' written advance notice. Banik, in turn, filed a counterclaim asserting Avasthi had breached the Agreement by not paying Banik for the work he performed in February and March 2008.

Asserting both traditional and no-evidence grounds, Banik filed a motion for summary judgment on Avasthi's breach-of-contract cause of action. Initially, Banik moved for a no-evidence summary judgment on the ground that Avasthi had no evidence of damages arising from Banik's resignation. Next, Banik moved for traditional summary judgment on the affirmative defense that Avasthi had been the

first to breach the Agreement, thereby excusing Banik's continued performance.

Finally, Banik moved for traditional summary judgment arguing the Agreement was illusory and therefore unenforceable. Banik began his third summary-judgment ground by asserting that while the Agreement required Banik to perform assigned work, the only thing Avasthi promised in return was to pay Banik "within fifteen (15) days of [Avasthi] receiving payment from its Client for invoices submitted by [Avasthi] for consulting work performed." Next, Banik emphasized the fact that the Agreement does not contain an express promise by Avasthi that it would submit any invoices to any client for work performed by Banik. Banik argued this renders the Agreement illusory and unenforceable because Avasthi had the ability to nullify any contractual obligation to pay Banik simply by choosing not to bill its client for Banik's services.

The trial court, without specifying the grounds, granted Banik's motion. Following the trial court's granting of his motion for summary judgment, Banik non-suited his counterclaim which made the interlocutory summary judgment a final, appealable judgment. This appeal followed.

## DISCUSSION

In two issues on appeal, Avasthi challenges the three summary-judgment grounds asserted by Banik. However, in his response brief, Banik concedes there are genuine issues of material fact on his first two summary-judgment grounds, leaving the contention that the Agreement was illusory and unenforceable as the only summary-judgment ground at issue in this appeal.

## I. The Standard of Review and Applicable Law.

While Banik moved for summary judgment on both no-evidence and traditional grounds, the only ground still at issue in this appeal was raised in his traditional motion for summary judgment. In a traditional motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the non-movant's favor. *Id.* at 548–49. If there is no genuine issue of material fact, summary judgment should issue as a matter of law. *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex.2001). A defendant who conclusively negates at least one of the essential elements of a plaintiff's cause of action is entitled to a summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex.2004). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all of the elements of the affirmative defense. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). Once a defendant establishes its right to summary judgment, the burden then shifts to the plaintiff to come forward with summary-judgment evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005).

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Id.* at 662. Ordinarily, the writing alone is sufficient to express the parties' intentions be-

cause it is the objective, not subjective, intent that controls. *Matagorda Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 740 (Tex. 2006) (per curiam). To achieve this, we examine and consider the entire writing in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless. *Valence Operating Co.*, 164 S.W.3d at 662. No single provision will control; rather, all the provisions must be considered with reference to the entire instrument. *Myers v. Gulf Coast Minerals Mgmt. Corp.*, 361 S.W.2d 193, 196 (Tex.1962). We presume the parties to the contract intended every clause to have some effect. *Fein v. R.P.H., Inc.*, 68 S.W.3d 260, 266 (Tex. App.-Houston [14th Dist.] 2002, pet. denied) (citing *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex.1996)). Contract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *Valence Operating Co.*, 164 S.W.3d at 662. We construe contracts from a utilitarian standpoint, bearing in mind the particular business activity sought to be served. *Frost Nat'l Bank v. L & F Distrbs., Ltd.*, 165 S.W.3d 310, 312 (Tex.2005). We will avoid, when possible and proper, a construction which is unreasonable, inequitable, and oppressive. *Id.* A contract in which there is no consideration moving from one party to the other, or no obligation upon that party, lacks mutuality and is unenforceable. *Kunz v. Machine Repair & Maintenance, Inc.*, 2001 WL 1288995, *3 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (not designated for publication) (citing *Texas Gas Utilities Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex.1970)). However, courts strive to construe a contract to promote mutuality and to avoid a construction that makes promises illusory. *Young v. Neatherlin*, 102 S.W.3d 415, 420 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

## II. Did the trial court err when it granted Banik's motion for summary judgment on Avasthi's breach of contract cause of action?

Avasthi asserts that the trial court erred in granting Banik's motion for summary judgment on the basis that the Agreement was illusory and therefore unenforceable.

We begin our analysis by examining the language of the Agreement. We agree with Banik that Section 3.4 of the Agreement does not include an express provision requiring Avasthi to submit an invoice billing an Avasthi client, such as Repsol YPF Puesto Molina Field, for Banik's services. Because we must consider the entire Agreement, we disagree that the lack of such a provision renders the Agreement illusory and unenforceable. To accept Banik's argument regarding Section 3.4 would defeat the entire purpose of the Agreement and require this court to construe the Agreement in a manner producing an absurd result. *See Lane v. Travelers Indem. Co.*, 391 S.W.2d 399, 402 (Tex. 1965) (refusing to construe contract in a manner that would produce an absurd result); *see also Ill. Tool Works, Inc. v. Harris*, 194 S.W.3d 529, 533 (Tex.App.-Houston [14th Dist.] 2006, no pet.)(stating a court will not construe a contract to produce an absurd result). Because there is a construction of the Agreement that does not produce an absurd result, we decline to accept Banik's construction of the Agreement.

In Section 22 of the Agreement Avasthi agreed to compensate Banik "according to the fixed amount or the billing rate agreed to on the Work Directive for the specified assignment." This unequivocal promise represents adequate consider-

ation for Banik's return promise to render services to Avasthi and Avasthi's clients. *See Northern Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 607–08 (Tex.1999).[1] In addition, the fact the parties did not execute a specific Work Directive until February 7, 2008, several days after they executed the Agreement, does not change this analysis because the determination of whether a contract is unenforceable for want of mutuality of obligation is determined at the time of the alleged breach, not at the time of the making of the contract. *Gaede v. SK Investments, Inc.*, 38 S.W.3d 753, 760 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

Finally, despite Banik's argument to the contrary, we conclude Section 3.4 of the Agreement does not control Avasthi's obligation to pay Banik. Instead, we conclude Section 3.4 establishes the deadline for Banik to submit his monthly invoices to Avasthi and the timeframe within which Avasthi would then be required to pay Banik, a requirement we hold is established by Section 22 and the February 7, 2008 Work Directive. This construction fits within the overall purpose of the other parts found in Section 3 of the Agreement: (1) Sections 3.1 and 3.2 require Banik and Avasthi to agree on a timeline and budget for the completion of assigned projects; (2) Section 3.3 establishes the requirement that Banik must submit weekly time reports to Avasthi; and (3) Section 3.5 establishes the type of expenses incurred by Banik that Avasthi would reimburse.

Because we conclude the Agreement is supported by mutual, reciprocal consider-

ation, we sustain Avasthi's first issue on appeal.

## CONCLUSION

Having sustained appellant Avasthi & Associates, Inc.'s first issue on appeal, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

FROST, J. Dissenting; BROWN, J. Concurring without Opinion.

KEM THOMPSON FROST, Justice, dissenting.

The plurality concludes that the trial court erred in granting summary judgment on one of the three grounds asserted in the motion and then reverses and remands without determining whether the other two summary-judgment grounds have merit. The plurality concludes that this court need not address these two grounds because the appellee concedes on appeal that he was not entitled to summary judgment on these grounds. Such a concession is entitled to appropriate consideration; but it does not relieve this court of its judicial obligation to independently determine whether either of these two grounds provides a basis for affirming the trial court's judgment. Though appellees who concede legal issues on appeal are often correct in doing so, they sometimes concede an issue based on an erroneous analysis. By concluding that the trial court's judgment should be reversed without analyzing two of the three grounds

---

1. In support of his contention that the Agreement is illusory and unenforceable, Banik cites the case of *Kunz v. Machine Repair & Maintenance, Inc.*, 2001 WL 1288995, *2 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (not designated for publication). In *Kunz*, we held that because one of the contracting parties had retained the power to nullify all con-

tractual responsibilities owed to the other contracting party, the contract lacked mutual reciprocal obligation and was therefore illusory and unenforceable. *Id.* Because we have determined the Agreement is supported by adequate mutual consideration we conclude the *Kunz* case is distinguishable and does not control the outcome here.

upon which the trial court rendered its judgment, the plurality (1) effectively allows the appellee to make some of the judicial determinations necessary to dispose of this appeal, (2) undermines respect for the trial court by concluding its judgment should be reversed without any determination that the trial court committed reversible error, (3) ignores the public interest in correct appellate judgments and precedent, and (4) adds inefficiency to the judicial system by potentially reversing a correct judgment and remanding for an unnecessary trial.

Appellant/plaintiff Avasthi & Associates, Inc. filed suit against appellee/defendant Ashish K. Banik asserting a breach-of-contract claim. The trial court granted Banik's motion for summary judgment, concluding that there was no genuine issue as to any material fact and that Banik was entitled to judgment as a matter of law based upon three grounds: (1) there is no evidence of damages as to Avasthi's breach-of-contract claim; (2) Avasthi's prior breach of contract excused Banik from any requirement that he continue to comply with the contract; and (3) the parties' contract is illusory and unenforceable.

On appeal, Avasthi argues that the trial court erred in granting summary judgment. This court must affirm the trial court's judgment if the summary-judgment evidence shows that there is no genuine issue of material fact and that Banik is entitled to judgment as a matter of law under any of these three grounds. *See FM Props. Operating Co. v. City of* Austin, 22 S.W.3d 868, 872 (Tex.2000). Avasthi has assigned error and has presented argument in support of the proposition that Banik is not entitled to summary judgment under any ground. The trial court determined that there was no genuine issue as to any material fact and that Banik is entitled to judgment as a matter of law

based on each of the three grounds. We review this legal determination de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

In his appellate brief, Banik concedes that there are genuine issues of material fact precluding summary judgment in his favor as to the first two grounds, and Banik argues that this court should affirm the judgment based on the third ground. The parties have not settled. Banik continues to assert that Avasthi should take nothing on its contract claim and that the trial court's judgment should be affirmed. Avasthi argues that the trial court erred in granting summary judgment and that Avasthi is entitled to proceed with its contract claim against Banik. The plurality concludes that Banik's concession relieves this court of its obligation to determine whether the trial court erred in granting summary judgment based on the first two grounds. The plurality errs in doing so.

If the trial court correctly determined that there is no genuine issue of material fact and that Avasthi's contract claim fails as a matter of law based upon the first or second ground, then this court should affirm the trial court's judgment, even if Banik's appellate counsel concludes to the contrary. *See Colorado Republican Federal Campaign Comm. v. FEC*, 518 U.S. 604, 622, 116 S.Ct. 2309, 2319, 135 L.Ed.2d 795 (1996) (holding that United States Supreme Court was not bound by a party's concession regarding the proper legal characterization of the facts in a civil appeal); *Sibron v. New York*, 392 U.S. 40, 58, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968); *Orloff v. Willoughby*, 345 U.S. 83, 87–88, 73 S.Ct. 534, 537, 97 L.Ed. 842 (1953) (stating, in a civil habeas corpus case, that if lower courts did not err in accepting appellee's argument regarding an issue of law, then the United States Supreme

Court should affirm, even though appellee conceded to the Supreme Court that this argument was erroneous); *Young v. United States,* 315 U.S. 257, 258–59, 62 S.Ct. 510, 511, 86 L.Ed. 832 (1942); *Saldano v. State,* 70 S.W.3d 873, 884–91 (Tex.Crim. App.2002) (affirming trial court's judgment despite appellee's confession of error based upon appellate court's independent determination that judgment did not contain reversible error); *White v. Moore,* 760 S.W.2d 242, 243–44 (Tex.1988) (conducting independent analysis of will and concluding that will language was ambiguous despite parties' agreement that will language was unambiguous); *Hoggett v. Brown,* 971 S.W.2d 472, 489–90 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (construing agreement based upon its unambiguous language despite contrary construction espoused by both sides' experts); *Haas v. Voigt,* 940 S.W.2d 198, 201 & n. 1 (Tex. App.-San Antonio 1996, writ denied) (holding that, despite appellee's concession to the contrary in a civil appeal, appellant's first appellate issue lacked merit); *Camaj v. S.S. Kresge Co.,* 426 Mich. 281, 393 N.W.2d 875, 879–80 & n. 6 (1986) (holding that treble-damages statute did not apply to plaintiff's tort claim, even though on appeal, defendant conceded, against its interest, that the statute applied).

If counsel for an appellee concludes that the trial court erred in deciding certain legal issues in appellee's favor, counsel can and should notify the appellate court of this conclusion, and Banik's counsel should be commended for his candor. *See Orloff,* 345 U.S. at 87–88, 73 S.Ct. at 537; *Young,* 315 U.S. at 258–59, 62 S.Ct. at 511. This court should give an appellee's concession appropriate consideration and, in most cases, such a concession probably will be correct. *See Saldano,* 70 S.W.3d at 884. But an appellee's concession of a legal issue involved in the appeal does not relieve this court of the obligation to perform its judicial function by independently determining whether the appellee's concession is based on sound analysis. *See Sibron,* 392 U.S. at 58, 88 S.Ct. at 1900; *Young,* 315 U.S. at 258–59, 62 S.Ct. at 511; *Saldano,* 70 S.W.3d at 884; *Texas Farmers Ins. Co. v. Cameron,* 24 S.W.3d 386, 398, n. 2 (Tex.App.-Dallas 2000, pet. denied) (holding that appellee's concession regarding question of law necessary to the proper disposition of the appeal did not obviate need for appellate court to conduct independent analysis); *Jackson Hotel Corp. v. Wichita Cnty. Appraisal Dist.,* 980 S.W.2d 879, 881 n. 3 (Tex.App.-Fort Worth 1998, no pet.) (same as *Cameron* ); *Haas v. Voigt,* 940 S.W.2d 198, 201 & n. 1 (same as *Cameron* ). Despite Banik's concession, it is possible that the trial court properly granted summary judgment in Banik's favor based upon the first or the second summary-judgment ground. It is this court's judicial duty to determine this issue, and this court should not rely solely upon Banik's concession. *See Young,* 315 U.S. at 258–59, 62 S.Ct. at 511; *Sibron,* 392 U.S. at 58, 88 S.Ct. at 1900; *Saldano,* 70 S.W.3d at 884.

In addition, the public has an interest in the proper administration of the legal system, and this court must determine for itself the proper appellate judgment and the reasons for this judgment; this court should not delegate this judicial function to appellee's counsel. *See Colorado Republican Federal Campaign Comm.,* 518 U.S. at 622, 116 S.Ct. at 2319 (applying *Young* precedent in civil appeal and stating that the judgments of the United States Supreme Court are precedents and that the proper determination of matters of law " 'cannot be left merely to the stipulation of the parties' ") (quoting *Young,* 315 U.S. at 259, 62 S.Ct. at 511); *Young,* 315 U.S. at 258–59, 62 S.Ct. at 511; *Camaj,* 393 N.W.2d at 879, n. 6. Moreover, a blind

acceptance of an appellee's concession fails to accord proper respect to the lower courts and abdicates the appellate court's obligation to decide the case properly. *See Colorado Republican Federal Campaign Comm.*, 518 U.S. at 622, 116 S.Ct. at 2319; *Sibron v. New York*, 392 U.S. 40, 58, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968); *Camaj*, 393 N.W.2d at 879, n. 6. The trial court's error in granting summary judgment based on the third ground is not a reversible error unless Banik was not entitled to summary judgment based upon the other two grounds. *See Ramco Oil & Gas Ltd. v. Anglo–Dutch (Tenge) L.L.C.*, 207 S.W.3d 801, 826–27 (Tex.App.-Houston [14th Dist.] 2006, pet. denied). By concluding that the trial court's judgment should be reversed without determining that these two grounds lack merit, the plurality undermines respect for the trial court and determines that the trial court's judgment should be reversed without a judicial determination that the judgment contains reversible error. *See Sibron*, 392 U.S. at 58, 88 S.Ct. at 1900; *Orloff*, 345 U.S. at 87–88, 73 S.Ct. at 537; *Ramco Oil & Gas Ltd.*, 207 S.W.3d at 826–27; *Camaj*, 393 N.W.2d at 879, n. 6.

Though perhaps not likely, it is possible that, as a matter of law, there is no evidence of any damages resulting to Avasthi from Banik's alleged breach of contract or that, as a matter of law, Avasthi's prior breach excused Banik from complying with the provision of the contract that he allegedly breached. In either event, the trial court, the taxpayers, and the people of Harris County should not be burdened with a jury trial of Avasthi's contract claim and further proceedings in this case simply because Banik's counsel might have reached the wrong legal conclusion. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex.2008) (giving consideration, in mandamus context, to public's interest in avoiding waste of time and money entailed in meaningless trials and proceedings). Conducting an independent analysis of these matters here and now would not require significant judicial resources and it would reduce the chance that this court will erroneously reverse the trial court's judgment and remand for the jury trial of a claim that fails as a matter of law. *See id.*

The plurality correctly concludes that the trial court erred by granting summary judgment based on the third summary-judgment ground. Nonetheless, this conclusion does not support this court's reversal of the trial court's judgment unless this court also determines that the trial court erred in granting summary judgment based on the other two grounds. By reversing the judgment without addressing the merits of the other two grounds, this court jumps the gun and misses a critical step that, if performed, might yield a different result. Rather than deferring to Banik's determination of these issues, this court should conduct an independent analysis. Because it does not do so, I respectfully dissent.

BROWN, J., concurring without opinion.