

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00247-CV

_____

EMILIANO MEDRANO, Appellant

V.

KERRY INGREDIENTS & FLAVOURS, INC., Appellee

_____

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-309764-19

_____

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Emiliano Medrano appeals the dismissal of his personal injury claims. We reverse and remand.

Medrano had been working for appellee Kerry Ingredients & Flavours, Inc. for four months when his supervisor asked him to work the conveyor belt for the first time.[1] Medrano alleged that he was not trained to operate the belt or provided with safety gear. According to Medrano, Kerry was aware "that the conveyor belt consistently had mishaps that only trained operators would know about." Unfortunately, Medrano fell victim to such a mishap: his hand became caught in the conveyor. He was taken to the hospital, but doctors could not save his ring finger.

Medrano sued Kerry on various tort theories, including negligence and gross negligence. Kerry filed an answer and a plea to the jurisdiction, asserting that Medrano's injury in the course and scope of his employment was barred by the Texas Workers' Compensation Act's (the Act's) exclusive-remedy provision. The trial court granted the plea to the jurisdiction and dismissed Medrano's suit without prejudice.[2] Medrano appeals.

---

[1] We draw these facts from Medrano's live petition.

[2] The order did not state whether the dismissal was with or without prejudice. "Where an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice." *FAI Eng'rs, Inc. v. Logan*, No. 02-20-00255-CV, 2020 WL 7252315, at *2 n.1 (Tex. App.—Fort Worth Dec. 10, 2020, no pet.) (mem. op.) (quoting *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ)).

In its brief, Kerry urges us to affirm on the basis that the Division of Workers' Compensation has exclusive jurisdiction over Medrano's suit. Kerry reasons that this is so because the exclusive-remedy defense bars Medrano's suit.

Medrano agrees with Kerry that if the exclusive-remedy defense applies, the Division has exclusive jurisdiction over this suit. He differs with Kerry only in that he urges us to apply an exception to the exclusive-remedy defense.

But Kerry and Medrano have woven together two concepts—exclusive jurisdiction and the exclusive-remedy defense—that are not the same and should not be confused. In confusing the two, they are both incorrect on an essential point of law that is necessary to dispose of this appeal, and we are not bound by their mutual mistake: "the parties to a suit cannot concede a question of law necessary to the proper disposition of a point on appeal." *Jackson Hotel Corp. v. Wichita Cty. Appraisal Dist.*, 980 S.W.2d 879, 881 n.3 (Tex. App.—Fort Worth 1998, no pet.).[3] We therefore begin by unweaving the two.

First, there is the Division's exclusive jurisdiction. Under the exclusive-jurisdiction doctrine, the Legislature grants an administrative agency the sole authority to make an initial determination in a dispute. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (op. on reh'g). The Act vests the Division

---

[3]*See also Avasthi & Assocs., Inc. v. Banik*, 343 S.W.3d 260, 266–68 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (Frost, J., dissenting) (collecting cases and laying out a compelling argument as to why parties' concessions concerning the governing law do not bind an appellate court).

with exclusive jurisdiction to determine the ultimate question of whether the claimant is entitled to workers' compensation benefits. *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001). This suit does not seek workers' compensation benefits, though, and as it strikes us, the only apparent way that Medrano's personal injury suit would potentially fall within the Division's exclusive jurisdiction would be under *Fodge. See id.* The *Fodge* court held that because a claim for bad-faith denial of benefits depends upon the ultimate question of whether the claimant was entitled to benefits in the first place, the bad-faith issue was also subject to the Division's exclusive jurisdiction over compensability determinations. *Id.*

But for two reasons, we conclude that the Division does not have exclusive jurisdiction over Medrano's suit under *Fodge*. First, "the determination of whether any type of claim is within the exclusive jurisdiction of the Division depends on whether the claim is based on a claimant's entitlement to benefits," like the claim for bad-faith denial of benefits in *Fodge* depended on eligibility for those benefits. *See Berry Contracting, L.P. v. Mann*, 549 S.W.3d 314, 320 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied) (cleaned up) (quoting *Bestor v. Serv. Lloyds Ins. Co.*, 276 S.W.3d 549, 553 (Tex. App.—Waco 2008, no pet.)); *Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 835 (Tex. App.—Austin 2007, no pet.). Medrano's personal injury suit touches on many of the same questions that would be posed in a Division proceeding to determine whether a claimant was entitled to compensation, but the merits of his suit do not hinge on whether he is ultimately eligible for workers' compensation benefits.

4

*See Berry Contracting*, 549 S.W.3d at 320; *Tex. Mut. Ins. Co. v. Sonic Sys. Int'l, Inc.*, 214 S.W.3d 469, 481 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (combined appeal & orig. proceeding). There is no aspect of the personal injury suit that requires Medrano to ultimately be eligible for workers' compensation benefits in order to prevail, unlike the claim for bad-faith denial of benefits in *Fodge*; just the opposite, if Medrano's injury is eligible for workers' compensation benefits, the exclusive-remedy defense would likely bar Medrano's suit. *See Berry Contracting*, 549 S.W.3d at 321 (citing *Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805, 806 (Tex. 1999) (per curiam)). Accordingly, Medrano's claim is not "based on" his entitlement to benefits, which suggests that his suit is not subject to the Division's exclusive jurisdiction. *See id.*

Second, the main subject of this appeal is the exclusive-remedy defense. That fact also supports the notion that the Division does not have exclusive jurisdiction over Medrano's suit: "the Division's exclusive jurisdiction 'does not extend to all cases that touch on workers' compensation issues. *The district courts decide disputes about whether the Act's exclusive remedy provision applies* as a defense to an injured worker's personal injury suit.'" *Id.* (quoting *AMS Constr. Co. v. K.H.K. Scaffolding Hous., Inc.*, 357 S.W.3d 30, 38 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd)). "That is, the main subject of this appeal is an issue which falls within the jurisdiction of the district court,

5

not the Division." *Id.* We therefore reject the position that this case falls within the Division's exclusive jurisdiction.[4]

Instead, we presume that the district court had jurisdiction. A Texas district court is a court of general jurisdiction. *Dubai Petro. Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) (op. on reh'g). For courts of general jurisdiction, the presumption is that they have subject matter jurisdiction unless a showing can be made to the contrary. *Id.* No party has made a contrary showing here, and thus the trial court had no basis to dismiss for want of jurisdiction.

Separate from the concept of exclusive jurisdiction, there is the exclusive-remedy defense. The Act provides that recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance against the employer for a work-related injury sustained by the employee. Tex. Lab. Code Ann. § 408.001(a); *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 (Tex. 2007); *Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 710 (Tex. App.—Fort Worth 2013, no

---

[4]For the same reason, we reject Kerry's argument that Medrano's suit is faulty because he failed to exhaust his administrative remedies. "Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action." *See Subaru*, 84 S.W.3d at 221. A party is not required to exhaust administrative remedies when the legislature has not vested exclusive jurisdiction in an agency to make an initial determination in a dispute. *Harris Cty. Fresh Water Supply Dist. No. 61 v. FWO Dev., Ltd.*, 396 S.W.3d 639, 647 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *see Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15–18 (Tex. 2000) (concluding that because an agency did not have exclusive jurisdiction, the plaintiff "was not required to exhaust her remedies under the Act before filing suit"); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207–08 (Tex. 2002) (op. on reh'g) (same).

pet.). We have consistently recognized that the Act's exclusive-remedy provision gives rise to an affirmative defense that is fit for a motion for summary judgment. *See, e.g., Robinson v. Cox*, No. 02-19-00370-CV, 2020 WL 7063289, at *1–2 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (mem. op.); *Calhoun v. F. Hall Mowing Co.*, No. 02-09-00459-CV, 2011 WL 167231, at *4 (Tex. App.—Fort Worth Jan. 13, 2011, no pet.) (mem. op.); *Downs v. Triad Denton Hosp., L.P.*, No. 2-05-303-CV, 2006 WL 820408, at *1 (Tex. App.—Fort Worth Mar. 30, 2006, no pet.) (mem. op.). As an "affirmative defense or 'plea in bar,'" it "operates to prohibit the assertion of a cause of action and involves the final disposition of a case." *Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 675 (Tex. App.—Dallas 2011, no pet.). Affirmative defenses are typically not disposed of with a motion to dismiss such as a plea to the jurisdiction; they should instead "be raised through a motion for summary judgment or proven at trial." *Id.* at 675–76; *see, e.g., State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 361 n.22 (Tex. App.—Fort Worth 2018, pet. denied) (mem. op. on reh'g). Thus, pursuing the exclusive-remedy defense through a plea to the jurisdiction "is problematic and not to be encouraged." *Robles v. Mount Franklin Food, L.L.C.*, 591 S.W.3d 158, 163 (Tex. App.—El Paso 2019, pet. denied) (quoting *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.)).

Beyond the question of whether the Division has exclusive jurisdiction, then, Medrano's appeal poses another set of questions that concern the merits: whether the

exclusive-remedy defense applies to his case and, if so, whether Medrano qualifies for the intentional-injury exception to that defense.

However, those questions come to us in a strange posture—namely, through a dismissal without prejudice following a plea to the jurisdiction rather than a summary-judgment motion. When other courts have faced roughly analogous situations wherein the defendant has improperly used a motion to dismiss to obtain a dismissal with prejudice based on the exclusive-remedy defense, the courts have treated the resulting dismissal as though it were a summary judgment. *See id.* at 163–64; *Briggs*, 337 S.W.3d at 281. They went on to evaluate the evidence in order to determine whether the parties' arguments regarding the exclusive-remedy defense had merit. *See Robles*, 591 S.W.3d at 166–68; *Briggs*, 337 S.W.3d at 283–85.

This practice is consistent with the general rule that even if "summary judgment procedure is not utilized when a plea in bar is asserted, the reviewing court may treat a pretrial dismissal with prejudice as a summary judgment because such dismissal has the same effect as entry of a take-nothing judgment." *In re K.M.T.*, 415 S.W.3d 573, 576 (Tex. App.—Texarkana 2013, no pet.) (quoting *Martin v. Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 354–55 (Tex. App.—San Antonio 1999, pet. denied)). "In such case, the reviewing court will review the record as if summary judgment was granted to determine whether the movant satisfied the notice requirements and his burden of proof under Texas Rule of Civil Procedure 166a." *Id.* (quoting *Martin*, 2 S.W.3d at 355).

Here, however, two circumstances preclude us from upholding the trial court's dismissal on the merits through a summary-judgment review. First, the dismissal was without prejudice, which is not tantamount to a summary judgment. "A dismissal with prejudice is an adjudication of the parties' rights; a dismissal without prejudice is not." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 630 (Tex. App.—Fort Worth 2015, pet. denied).

Second, unlike *Robles* and *Briggs*, neither party has submitted any evidence regarding the exclusive-remedy defense or an exception to that defense, such that the case would be suitable for summary-judgment-style analysis. Without any evidence, we are unable to meaningfully evaluate the merits of the parties' arguments with respect to the exclusive-remedy defense.[5]

Lacking any order or evidence that would fit the summary-judgment framework, "we feel justified in not ruling upon" the merits of whether summary

---

[5]Nor could the trial court's order be upheld as a summary judgment on the pleadings. *See Liberty Mut. Ins. Co. v. City of Fort Worth*, 524 S.W.2d 743, 746 (Tex. App.—Fort Worth 1975, writ dism'd w.o.j.). A plaintiff may plead itself out of court by alleging facts that affirmatively negate its cause of action. *Slaven v. Livingston*, No. 02-17-00266-CV, 2019 WL 983693, at *5 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op.). "In general, it is improper to grant summary judgment on a deficient pleading's failure to state a cause of action when the deficiency can be attacked through a special exception." *Id.* "But a pleading-deficiency summary judgment may be proper if a party has had an opportunity by special exception to amend and fails to do so or if it files an additional defective pleading." *Slaven*, 2019 WL 983693, at *5; *see Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). "If a pleading deficiency cannot be cured by an amendment, summary judgment may also be proper." *Slaven*, 2019 WL 983693, at *5. Here, Medrano's live petition does not allege facts that negate his cause of action, no special exceptions appear in the record, and the petition does not contain any internal pleading defects that are incurable.

judgment on the exclusive-remedy defense would have been proper, "particularly since it was not substantially developed in the trial court." *See Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 215 (Tex. 1958) (declining to rule on the merits of a plea in bar); *Tex. Underground*, 335 S.W.3d at 676 (concluding that a dismissal could not be upheld as a summary judgment in the absence of proper summary-judgment evidence and procedure); *Walker v. Sharpe*, 807 S.W.2d 442, 447 (Tex. App.—Corpus Christi–Edinburg 1991, no writ) (similar); *Piper v. Thompson's Estate*, 546 S.W.2d 341, 343–44 (Tex. App.—Dallas 1976, no writ) (reversing dismissal order because without adequate notice or any evidence to support the plea under the summary-judgment rule, the order "could not be justified" through summary-judgment review). It is enough to hold that the trial court had no basis to grant a plea to the jurisdiction concerning an affirmative defense that, under these circumstances, has nothing to do with jurisdiction. We sustain Medrano's sole issue.

Accordingly, we reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 8, 2021

10